GEORGE W. LOGAN, PROSECUTOR, v. MAYOR AND COM-
MON COUNCIL OF THE TOWN OF BOONTON ET AL.,
DEFENDANTS.

Submitted March 18, 1915—Decided July 24, 1915.

1. The act entitled "An act to establish an excise department in
   incorporated towns and cities of this state" (*Pamph. L.* 1901,
   *p.* 239), provides that the common council of any town may, by
   ordinance passed by the affirmative vote of all the members,
   establish a board of excise commissioners, and that within ten
   days after the passage the same shall be filed with the clerk of
   Common Pleas who shall notify the presiding judge. The
   charter of the town of Boonton provides that all ordinances,
   before taking effect, shall receive the mayor's approval, in writ-
   ing, or else be returned by him to the town clerk in fourteen
   days after its passage, with his objections, in writing, and
   further provides that no ordinance shall be originally passed
   without the concurrence of five members, or over the mayor's
   veto except by a two-thirds vote. An ordinance to establish an
   excise department under the act of 1901 was passed by the com-
   mon council of Boonton, by a majority vote; was vetoed by the
   mayor; and it was claimed to have been illegally passed over
   his veto. *Held*, that the ordinance in question was not subject to
   veto by the mayor, the act of 1901 providing a special mode of
   procedure by which the ordinance became effective upon receiving
   a majority vote of council and a certified copy filed with the
   clerk, as directed by the act.
2. The alleged unconstitutionality of the act upon which the ordi-
   nance is based not considered because not relied on in the brief
   of counsel, though assigned as one of the reasons for declaring
   the ordinance void.
3. The constitutionality of the act was fully considered in *Schwarz
   v. Dover*, 70 *N. J. L.* 502, and held to be constitutional.

On *certiorari*.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *King & Vogt*.

For the mayor and common council, *Claude Garrison*.

For the defendant Pierce, *Charles E. Scribner*.

The opinion of the court was delivered by

KALISCH, J.   The writ of *certiorari* in this case brings up for review the validity of an ordinance to provide for the establishment, for the town of Boonton, of a board of excise commissioners, under the act of 1901.

The town of Boonton was incorporated March 18th, 1867.

By a supplement passed in March, 1872, it is provided, paragraph 4, section 7, "that the common council shall have power to license and regulate inns or taverns, victualling houses or cellars, billiard and bowling saloons, and to regulate, license and restrain ale and beer shops, and all places where spirituous, vinous or malt liquors are sold."

Since 1872 the council has exercised that power.

In 1901 (*Pamph. L.* 1901, *p.* 239; *Comp. Stat., p.* 2918) it was enacted:

"Section 1. It shall and may be lawful for the common council or other governing body of any town or city of this state, except cities of the first class, incorporated under any special or other act of the legislature thereof, by ordinance passed by the affirmative vote of a majority of all the members composing such common council or other governing body, to provide for the establishment within and for such town or city of a board of excise commissioners, which ordinance shall provide that from and after the passage thereof there shall be established within and for such town or city a board of excise commissioners, appointed pursuant to the provisions of this act; the passage of such ordinance shall be optional with said common council or other governing body."

It is then provided that within ten days after the passage of such ordinance a certified copy shall be filed in the office of the clerk of the Court of Common Pleas, who shall notify the presiding judge, and thereupon court shall be convened, and a board of three excise commissioners, residents of the town, appointed, such board to take over all of the powers of the common council with respect to regulating the sale of intoxicating liquors.   By section 10 it is further provided that no repealing ordinance shall be passed until the lapse of at least five years.

In pursuance of the act of 1901, an ordinance was introduced into council, entitled "An ordinance to provide for the establishment within and for the town of Boonton of a board of excise commissioners."

November 16th, 1914, the ordinance was passed on first reading. On December 7th, the first regular meeting in that month, the ordinance received its second and third readings.

By section 4 of the act of 1872, page 804, among other things, it is provided that all ordinances before taking effect, shall receive the mayor's approval, in writing, or else be returned by him to the town clerk within fourteen days after the passage of the same, with a written statement of his objections thereto.

Section 6 of the act of 1872, pages 804 and 805, among other things, provides that five members shall constitute a quorum for the transaction of business and that no ordinance shall be passed except with the concurrence of five members, nor until it shall have been presented and read at a previous meeting; that no ordinance shall take effect until a copy thereof, certified by the town clerk, shall, within two days after its passage, have been laid before the mayor and approved by him, in writing; that in case the mayor shall not return any ordinance so laid before him within fourteen days after its passage, it shall take effect in the same manner as if he had approved it, and in case he shall return it within the time above named with a written statement of his objections at length on the record of their proceedings and may then proceed to reconsider and pass such ordinance by a vote of two-thirds of their number.

The by-laws of the town provide for bi-monthly meetings of the council on the first and third Mondays.

The ordinance was passed as stated December 7th, 1914.

The next regular meeting of council was December 21st, 1914. Council met on that day, held their regular session and went through their routine of business and then adjourned to meet again December 23d, 1914.

It was after the meeting had adjourned that the mayor

returned to the town clerk the certified copy of the ordinance, with his written objections thereto.

At the adjourned meeting on December 23d the mayor's veto was taken up, and the ordinance passed over his veto, by a vote of six to one.

The prosecutor contends that the ordinance is void—*first,* because the mayor having vetoed it, it could only be reconsidered and passed at the first regular meeting thereafter, which would be January 4th, 1915, and *second,* that the ordinance was not advertised as required by law.

The view we take of this case makes it unnecessary for us to decide whether or not the ordinance was lawfully passed over the mayor's veto at the adjourned meeting on the 23d of December.

It is not denied that the ordinance was passed by a majority of council on the 7th day of December, 1914.

We think a complete answer to the prosecutor's first objection to the validity of the ordinance, that it was irregularly passed over the mayor's veto, is that the ordinance in question was not subject to veto by the mayor, because the act of 1901 provides a special mode of procedure by which such an ordinance shall become effective, and that is upon receiving a majority vote of the council.

The act of 1901 requires an ordinance to be passed by the affirmative vote of a majority of all the members of the common council to provide for the establishment of a board of excise commissioners, &c., and that within ten days after the passage, the same to be filed in the office of the clerk of Common Pleas, who shall notify the presiding judge.

At the time the act was passed the common council consisted of seven members, presided over by a president from their own number.

Although four members were a majority, the charter provided that no ordinance shall be passed except with the concurrence of *five.* So here we observe the decided change made by the act of 1901.

We think the legislature intended that the action of the

council to provide for the establishment of excise commissioners should not be subject to veto by the mayor.

To adopt a contrary view will not only result in defeating the apparent design of the legislature to confer on a majority of the council the sole responsibility for the appointment of such commissioners, but will render the act inefficacious and nugatory. For though a majority of council voted for the ordinance, the ordinance is subject to be defeated by the mayor's veto. In order to pass the ordinance over the veto, according to the requirement of the charter, a two-thirds vote is required, whereas, the legislature declares that a majority vote of council for the passage of an ordinance relating to the appointment of excise commissioners shall be decisive.

That the statute refers to the passage of the ordinance as an act to be performed by the common council alone is manifest. In this respect it differs from the act of 1872. The act of 1901 provides that a certified copy shall be filed with the clerk of the Court of Common Pleas within ten days after the passage of the ordinance. This is wholly inconsistent with the charter provision that the mayor shall have fourteen days within which to file objections to an ordinance after its passage by the common council.

Under the charter an ordinance was passed and then it required the approval of the mayor or the failure of the mayor to return the ordinance with his objections, in writing, within fourteen days after its passage.

In plain terms the charter of 1872 provides that ordinances shall be approved by the mayor in the manner pointed out therein.

But under the act of 1901, in respect to an ordinance relating to the authorization of the appointment of excise commissioners, the legislature created an independent structure for the accomplishment of that particular purpose, by requiring that a certified copy of the ordinance passed by the council (not approved by the mayor) shall be filed with the clerk of the Court of Common Pleas within ten days after its *passage*.

The passage of an ordinance is achieved when it has received three readings and a majority vote of the council.

The fact that a certified copy of the ordinance shall be filed within ten days with the clerk of the Court of Common Pleas, precludes the application of the charter provision relating to ordinances generally to the passage of an ordinance under the act of 1901, for the appointment of excise commissioners, for under the charter an ordinance must be submitted to the mayor who has fourteen days after its passage to approve or veto it.

Thus the facts of the present case are markedly distinguishable from those in *Stanton* v. *Hoboken, 52 N. J. L.* 88, relied on by the counsel of prosecutor to sustain their contention.

The statute of 1901 was fully complied with when a majority acted favorably upon it and a certified copy was filed with the clerk, as the act directs.

We think the ordinance was published as required by law. It was published for six weeks instead of four, but even if it was not published in strict conformity with the requirement, it is not fatal to the validity of the ordinance, since the requirement is merely directory.

Although it appears from the record that one of the reasons assigned by the prosecutor is that the act of 1901, from which the ordinance in question derives its vitality, is unconstitutional, it appears not to have been relied on in the brief of counsel.

It will not be out of place, however, to mention in this connection that the constitutionality of the act was fully considered in *Schwarz* v. *Dover, 70 N. J. L.* 502, and there held to be constitutional.

The proceedings will be affirmed, with costs.